**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASWINDER SINGH, | No. 07-72608 |
| Petitioner, | Agency No. A073-612-378 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Jaswinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 889, 894 (9th Cir. 2003).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely where the motion was filed over one year after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish changed circumstances in India to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

We lack jurisdiction to review Singh's contention that he did not receive a full and fair removal hearing before the immigration judge because Singh failed to exhaust this contention to the BIA during his underlying removal proceedings.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**